**Anna Mary HILL, Thomas Wallace Hill and Ruth H. Huhn, Defendants Below, Appellants,**

**v.**

**Sara Gideon HILL, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

July 27, 1970.

David B. Coxe, Jr., of Tunnell & Raysor, Georgetown, for appellants.

William J. Wier, Jr., and Jacob Kreshtool, of Connolly, Bove & Lodge, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal by the devisees under the will of Harry Murdock Hill and the beneficiary named in certain life insurance policies on his life. The appeal is taken from the denial of their motion to dismiss the complaint filed by Sara Gideon Hill, widow of Harry Murdock Hill.

On December 30, 1965, Sara Hill and Harry Hill entered into an antenuptial contract in Salisbury, Maryland. The contract, briefly, required Sara Hill to convey all of her real estate to herself and her prospective husband as tenants by the entireties within 30 days after marriage. It also required Harry Hill to convey to himself and his intended wife as tenants by the entireties all of his real estate within 30 days after marriage. Harry Hill also agreed to name his intended wife as primary beneficiary on all life insurance policies owned by him at the time of the contract.

Sara Hill and Harry Hill were married in Salisbury, Maryland on December 31, 1965. Harry Hill died domiciled in Delaware on October 20, 1967. Sara Hill in her complaint alleges that she performed all of the obligations required of her by the antenuptial contract. Similarly, she alleges that Harry Hill performed several of the obligations required of him by the antenuptial contract, but failed to execute a deed transferring certain real estate near Hearn's Pond in Sussex County, Delaware to himself and to her as tenants by the entireties, and also failed to designate her as the primary beneficiary of all of his life insurance.

By his will, Harry Hill devised the Hearn's Pond property equally to the three defendants. Also named in his life insurance policies was his mother as the primary beneficiary.

Sara Hill seeks an order impressing trusts upon the respective interests in these assets held by the defendants.

The Chancellor held that 13 Del.C. § 301 has no application to the antenuptial contract sought to be enforced in this action. That section authorizes antenuptial contracts, if executed in the presence of two witnesses at least 10 days before the marriage, and acknowledged before any officer authorized to take acknowledgments. If § 301 controls this case, it is apparent that the contract at bar is unenforceable since it does not comply with the statutory requirements.

The Chancellor characterized the antenuptial contract before him as not a title document or as a document designed to directly affect title to Delaware real estate. He characterized it as an agreement not directly affecting title to real estate, but as an agreement of a purely personal nature under which both parties undertook certain obligations in contemplation of their forthcoming marriage.

He further held that the contract having been executed in Salisbury, Maryland, its validity will be determined under the law of that State. He thereupon ruled that under Maryland law it was a valid agreement and that the complaint alleged a proper case to be enforced by the impressing of trusts upon the property concerned.

The Chancellor's reasoning and holding will be found in Hill v. Hill, Del.Ch., 262 A.2d 661 (1970). We affirm his decision on his opinion thus reported.